[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11895
Non-Argument Calendar

_____

D. C. Docket No. 07-00153-CR-2-MEF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENIO TORRES PADRON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 17, 2008)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Eugenio Padron, who conditionally pleaded guilty to possession of a firearm

as a convicted felon, 18 U.S.C. § 922(g), appeals the denial of his motion to suppress. Padron argues that the arresting officer lacked jurisdiction to make a traffic stop of Padron; Padron did not voluntarily consent to the search of his vehicle; his consent was invalid because it was given after the traffic stop ended or should have ended; and he was arrested for a traffic misdemeanor. We affirm.

On denial of a motion to suppress, we review findings of fact for clear error and the application of law to those facts de novo. United States v. Ramirez, 476 F.3d 1231, 1235 (11th Cir.), cert. denied, 127 S. Ct. 2924 (2007). We construe all facts in the light most favorable to the government. Id. at 1235–36. Arguments that are not raised in the district court are reviewed for plain error. See United States v. Ward, 486 F.3d 1212, 1221 (11th Cir. 2007).

The district court did not err when it denied Padron's motion to suppress. Officer Robbie Autrey stopped Padron within the officer's jurisdiction for driving an automobile without a registered license plate; Padron volunteered to a search of his vehicle and consented a second time after he had received a written warning for driving without a license and was free to leave; and Autrey discovered a firearm in Padron's vehicle and arrested Padron for possession of the weapon. At the suppression hearing, Padron did not challenge Autrey's testimony, which supports the findings of the district court that the traffic stop, consent to search,

and arrest were lawful.  <u>See</u> Ala. Code § 11-40-10(a); <u>Ramirez</u>, 476 F.3d 1231, 1236–40; <u>United States v. Purcell</u>, 236 F.3d 1274, 1277–82 (11th Cir. 2001).  The district court did not clearly err in its findings.

**AFFIRMED.**